IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 29, 2001 Session

## JACK HUTTER, v. ROBERT M. COHEN,
## and
## JACK HUTTER v. H. ALLEN BRAY

### Direct Appeal from the Circuit Court for Blount County
### Nos. l-11686 AND L11709     Hon. James B. Scott, Jr., Circuit Judge

#### FILED MAY 8, 2001

#### No. E1999-01859-COA-R3-CV

___

In these actions charging legal malpractice, the Trial Court granted summary judgment to defendants on the grounds that the defendants' actions did not deviate from the standard of conduct required of them.  We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., joined.  Charles D. Susano, Jr., J., dissented and filed an opinion.

Dail R. Cantrell, Clinton, Tennessee, for Appellant.

R. Franklin Norton and Geoffrey D. Kressin, Knoxville, Tennessee for Appellees, Robert M. Cohen and H. Allen Bray.

**OPINION**

In these two legal malpractice actions, which were combined on appeal, the plaintiff alleged in his *pro se* complaints, that he employed Cohen to represent plaintiff and paid legal fees and expenses.  The Complaint alleged that defendant's conduct was a breach of "the defendant's duty to exercise reasonable care, skill, and diligence on plaintiff's behalf, and that defendant did not file

certain motions and engage in other strategies, which led to plaintiff firing the defendant. Plaintiff further asserted: "Defendant's failure to represent plaintiff with reasonable care, skill, and diligence, possessed and exercised by the ordinary attorney in similar circumstances have been the proximate cause of [plaintiff's damages]." As to the defendant H. Allen Bray, plaintiff averred that he had employed Bray to represent plaintiff on certain legal matters and paid a $1,000.00 retainer. This defendant was charged with failing to file motions and follow other strategies agreed upon between the parties and concluded that "Defendant's failure to represent plaintiff with reasonable care, skill, and diligence possessed and exercised by the ordinary attorney in similar circumstances have been the proximate cause of [plaintiff's damages]."

Subsequently, both defendants filed motions for summary judgment, asserting that the complaints failed to state a claim or cause of action, and that plaintiff "has failed to prove" that defendants' conduct fell below the accepted standard of practice for attorneys practicing in Blount County, Tennessee in similar communities.

Both defendants filed Statements of Material Facts, pursuant to Tennessee Rules of Civil Procedure, Rule 56, and attached their own affidavits which essentially state that the defendant was "familiar with the facts of the case and with the facts surrounding the aforementioned representation." Each attorney then stated in affidavits that it was their professional opinion,

> within a reasonable degree of professional certainty . . . and based upon my personal knowledge and my review of the facts involved in the above captioned case, I did not deviate from or fall below the legally accepted standard of practice for attorneys practicing law in Blount County, Tennessee, and similar communities, nor did I fail to exercise that degree of care, skill, and diligence which is commonly possessed and exercised by attorneys in practice in this jurisdiction, relative to my aforementioned representation of Jack Hutter.

Jack Hutter filed his own affidavits in response to the motions, which essentially stated that he had attended law school, but did not graduate, and that he had discussed his cases with other attorneys in Blount County, Tennessee and the surrounding area as to the standards for practicing attorneys, and that he was familiar with the legally accepted standards for attorneys practicing law in Blount County and the surrounding areas. He further stated that he was familiar with the facts of the cases and of the defendants' representation, and that in his opinion the defendants "did deviate from or fall below the legally accepted standards of practice for attorneys practicing law in Blount County, Tennessee and similar communities, and did fail to exercise that degree of care, skill and diligence which is commonly possessed and exercised by attorneys practicing in this jurisdiction, relative to [their aforementioned representation of plaintiff]."

On August 25, 1999, plaintiff filed an Amended Complaint alleging breach of contract against defendants, and on August 26, 1999 the Trial Court granted summary judgments to the defendants. Subsequently, plaintiff filed a Rule 60 Motion and numerous other motions and subpoenas for witnesses. On December 6, 1999, the Trial Judge entered an Order stating that the

Court heard various of plaintiff's motions, including his Tenn. R. Civ. P. Rule 60, his Amended Complaint, his Motion for Contempt and Other Relief, and ordered all of plaintiff's motions denied, but permitted plaintiff "to amend his complaint as pled" and ordered the summary judgment entered on August 26, 1999 to be set aside, but re-entered summary judgments in favor of defendants and dismissed plaintiff's complaints with full prejudice.

On appeal, plaintiff raises identical issues as to each party, i.e., "whether the Trial Court erred in granting the appellees' Motion for Summary Judgment and in denying the appellant's Motion to Vacate the Order Granting the Appellee's Motion for Summary Judgment, in that a legitimate question of fact for the jury existed which should not have been dismissed as a matter of law," and "whether the Trial Court violated the appellant's procedural due process rights."

Needless to say, plaintiff's *pro se* complaints are not models of clarity. However, they essentially charge each defendant with failure to represent plaintiff in accordance with the legally accepted standard of practice for attorneys in Blount County or similar counties. Essentially, plaintiff complains of the failure of defendants to file motions, make court appearances, and follow strategies agreed upon between the parties.

The Trial Court, in considering the motions for summary judgment, accepted defendants' affidavits that they had exercised the requisite professional skills in these representations, and plaintiff had not created a disputed issue in that his affidavit did not demonstrate his competence as a witness to offer a contrary opinion.

Those seeking a summary judgment must show the absence of any genuine issue of material fact. *Byrd v. Hall*, 847 S.W.2d 208, 214 (Tenn. 1993). The party seeking judgment must either affirmatively negate a central element of the adversary's claim, or conclusively establish an affirmative defense. *Id.* at 215. In this case, we believe the defendants have conclusively established affirmative defenses, in that their affidavits establish that they measured up to the degree of special skill in representing this plaintiff so as to meet the standard for a professional in that community. *Cleckner v. Dale*, 719 S.W.2d 535 (Tenn. App. 1986).[1]

As to plaintiff's contention about defendants' strategies and trial tactics. This Court in *Allen v. Wiseman*, 1998 WL 39 1803 (Tenn. Ct. App. 1988) said:

> At one time we thought that a lawyer's trial conduct or tactics could not be questioned, *see Stricklan v. Koella*, 546 S.W.2d 810 (Tenn. App. 1976), but a more flexible approach was announced by the federal court in *Woodruff v. Tomlin*, 616 F.2d 924 (6th Cir. 1980). The federal court, interpreting Tennessee law, recognized that there can be no liability for acts or omissions by an attorney in the conduct of

---

[1]While defendants' affidavits are broadly worded, we believe when read in light of the complaints and defendants' statements of undisputed facts the affidavits shift the burden to plaintiff to raise a disputed issue of material fact.

litigation which are based on an honest exercise of professional judgment, but the court also said that an attorney is still bound to exercise a reasonable degree of skill and care. *Cf. Pera v. Kroger Co.,* 674 S.W.2d 715 (Tenn. 1984).

We believe that whether an attorney has failed to meet that standard requires a knowledge of the issues involved in the litigation, what proof was available, what steps were taken to advance the client's interests, and what reasons lay behind the choices made. With all the facts, a skilled, experienced trial lawyer could give an opinion about how the attorney's actions measured up to the standard of reasonable skill and care. Ordinary laymen (even judges) could not say that the attorney's conduct fell below that standard. *See Cleckner v. Dale*, 719 S.W.2d 535 (Tenn. App. 1986).

We conclude that the complaint by plaintiff as to the actions and lack of skill of defendants are beyond the common knowledge of laymen, and in the absence of an affidavit refuting defendants' affidavits, summary judgment was appropriate.

Finally, we find plaintiff's argument that he was denied due process in these cases is without merit. It appears from the record that plaintiff was afforded reasonable time to procure an expert witness, and the Trial Judge granted plaintiff on an least two occasions hearings on his various motions.

For the foregoing reasons, we affirm the judgment of the Trial Court and remand, with the cost of the appeal assessed to the plaintiff, Jack Hutter.

_____
HERSCHEL PICKENS FRANKS, J.